## Lynch v. Filer

*William R. Nalitz,* for plaintiff.
*John W. Hardisty,* for defendant.

GRIMES, *P.J.,* September 26, 1991—The complainant, Dana Lynch, was born May 3, 1972. He is currently 19 years of age and a sophomore in college. On June 5, 1991, he filed a complaint for support against the defendant, Dana E. Filer. There have been no previous adjudications or admissions of paternity. The defendant filed preliminary objections claiming that the action is barred by the provisions of 23 Pa.C.S. §4343 and secondly, that the complainant failed to join a necessary party, to wit: the complainant's mother.

It is the law of the Commonwealth that an action for educational support by an adult must include both parents as party defendants. The Domestic Relations Section may not hear the complaint for support under those circumstances until and unless both parents, if living, are made parties to the case.

The applicable statute on time limitations is found at 23 Pa.C.S. §4343(b)(1) which states:

"An action or proceeding under this chapter to establish the paternity of a child born out of wedlock must be commenced within 18 years of the date of birth of the child."

There is no question that the guardian of a child is bound to and by the provisions of that section. However, in the present case, the complainant did not have the legal capacity due to his minority to bring an action of support in his own behalf until he

attained the age of 18 years. It is stated in 42 Pa.C.S. §5533(b) that a statute which limits the time for an action to be commenced must be reduced by the amount of time that the claimant suffers from the disability of being a minor child. Although section 5533(b) does not expressly apply to section 4343(b), our Legislature would not have made provisions for young adults to institute support proceedings against their parents while pursuing a college education and at the same time prohibit an individual who was born an illegitimate child from instituting the necessary proceedings to derive the benefit of the statute.

Further, barring the complainant from instituting the present action would be contrary to the direction of the U.S. Supreme Court in the case of *Clark v. Jeter,* 486 U.S. 456, 108 S.Ct. 1910 (1988).

### ORDER

And now, September 26, 1991, it is ordered that the defendant's preliminary objection claiming a bar by a statute of limitation is overruled, and further, that the defendant's objection that the action cannot go forward without the natural mother being made a party defendant is sustained.